**Kenneth R. SMOOT, Plaintiff–Appellant,**

v.

**UNITED TRANSPORTATION UNION; CSX Transportation, Inc., Defendants–Appellees.**

No. 01–4071.

United States Court of Appeals, Sixth Circuit.

June 9, 2003.

Before: KEITH, BATCHELDER, and CLAY, Circuit Judges.

### ORDER

Kenneth R. Smoot appeals the district court's amended judgment in which it declined to reduce a $100,000 award of punitive damages awarded against Smoot on remand from this court. *See Smoot v. United Transp. Union*, 246 F.3d 633, 648 (6th Cir.), *cert. denied*, 534 U.S. 1001, 122 S.Ct. 476, 151 L.Ed.2d 390 (2001). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smoot surreptitiously tape recorded an executive session of a Public Law Board arbitration hearing during which that council decided that Smoot was not entitled to distribution of stock under a labor agreement. *Smoot*, 246 F.3d at 636–37. Defendants filed counterclaims against Smoot alleging violations of the Federal Wiretap Act, 18 U.S.C. § 2510 et seq., after Smoot initiated a civil action in which he sought to set aside the Public Law Board decision. *Id.* at 637–38. The district court granted summary judgment for defendants with respect to Smoot's claims, and conducted a bench trial with respect to defendants' counterclaims. *Id.* at 638. The district court found for defendants and awarded statutory damages against Smoot totaling $250,000, and punitive damages totaling $100,000. *Id.* On appeal, this court reduced the amount of statutory damages to $20,000, and remanded to the district court Smoot's contention that the amount of punitive damages should be reduced in light of the reduction in the amount of statutory damages. *Id.* at 647–48.

On remand, the district court conducted a hearing at which Smoot was represented by counsel, and entered an amended judgment in which it again ordered Smoot to pay $100,000 in punitive damages. Smoot filed a timely notice of appeal pro se. On appeal, Smoot reiterates his contention that the amount of punitive damages should be reduced in light of the reduction in the amount of statutory damages. Defendants respond that the district court did not abuse its discretion in reaffirming it award of punitive damages. In addition, each party directs the court's attention to the recent Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*, —— U.S. ——, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), in which the Court addressed whether an award of punitive damages comported with due process under the Fourteenth Amendment.

■ Just after this court's initial appellate review in this case, the Supreme Court decided that, where a constitutional challenge to an award of punitive damages is made, a court of appeals must review a district court's determination de novo. *See Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). Where no constitutional issue is raised, this court reviews a district court determination of the appropriate amount of punitive damages only for an abuse of discretion. *Cooper Indus., Inc.*, 532 U.S. 424, 433, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); *Smoot*, 246 F.3d at 647–48. "A district court abuses its discretion when it relies on clearly erroneous findings of fact ... or

when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *Owner–Operator Indep. Drivers Ass'n. v. Bissell,* 210 F.3d 595, 597 (6th Cir.2000)). Under this standard, this court reviews de novo the district court's legal conclusion, and reviews for clear error its findings of fact. *Id.* (citing *Bissell,* 210 F.3d at 597).

■ First, Smoot cannot assert a constitutional challenge to the district court's decision. Although Smoot could be deemed to make a constitutional challenge in his brief on appeal, he did not present a constitutional challenge to the amount of punitive damages in his initial appeal. *See Smoot,* 246 F.3d at 647–48. Again, the statutory damages were reduced on appeal from $250,000 to $20,000, so any constitutional claim that the $100,000 punitive damages is excessive relative to the $20,000 statutory damages arguably was not available until after this court's decision. Nonetheless, plaintiff asserted on remand only that the award of punitive damages should be reduced in proportion to the reduction of statutory damages on appeal. Under these circumstances, this court will not address any constitutional challenge in the first instance on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). We nonetheless note that the award in this case appears to pass constitutional muster. *See Campbell,* 123 S.Ct. at 1520–26. Because no constitutional challenge is presented, abuse of discretion review is appropriate.

■ Again, this court affirmed the district court's findings of fact and conclusions of law regarding its award of punitive damages on appeal, but nonetheless remanded the case to the district court for consideration of whether its award of punitive damages should be reduced in light of the reduction in statutory damages. *Smoot,* 246 F.3d at 648. However, this court noted that it "has found that in most

cases where punitive awards are granted, 'punitive awards have been much higher than the compensatory awards.'" *Id.* (citing *Smith v. Heath,* 691 F.2d 220, 228 (6th Cir.1982). On remand, the record reflects that the district court remained convinced that the bases for its award of punitive damages remained proper, and declined to exercise its discretion to reduce the amount of those damages. Under the circumstances of this case, there simply is no basis on which to conclude that the district court abused its discretion. Therefore, the district court's amended judgment must be affirmed.

For the foregoing reasons, the district court's amended judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.